# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Donnie McKelvey, | Case No.: |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Soo Line Railroad Company d/b/a Canadian Pacific, | |
| Defendant. | |

TO: Plaintiff through his attorney of record, Ethan E. White, Emery Law, Ltd., 2021 Midwest Road, Suite 200, Oak Brook, Illinois 60523.

Defendant Soo Line Railroad Company d/b/a Canadian Pacific ("Soo Line") by and through its attorneys, pursuant to 28 U.S.C. § 1441, hereby gives notice of removal of the captioned matter from the Circuit Court of Cook County, State of Illinois, First Judicial District and, in support thereof, states as follows:

1. On October 26, 2020, Defendant was served with a Summons and Complaint captioned *Donnie McKelvey v. Soo Line Railroad Company, doing business as Canadian Pacific* ("Complaint"), Case Number 2020-L-010890. *See* Complaint, attached hereto as **Exhibit A**. The Complaint was captioned in the Circuit Court of Cook County, State of Illinois, First Judicial District. **Exhibit A** constitutes all process, pleadings, and orders served upon Defendant to date in such action.

2. This Court is the United States District Court for the district and division in which the state court action referred to in Paragraph 1 above is pending.

163303898.1

3. The United States District Court for the Northern District of Illinois has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and none of the impediments to removal under 28 U.S.C. §1445 are present in this action. The Court has original jurisdiction of this action under 28 U.S.C. §1332(a) based on diversity of citizenship. Specifically, this action is between citizens of different states, and based upon the causes of action asserted and the relief sought in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Federal diversity jurisdiction requires complete diversity among the parties. A corporation is a citizen of the state where it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c).

5. Defendant Soo Line is a Minnesota corporation with its principal place of business in Minnesota.

6. Pursuant to the Complaint, Plaintiff, Donnie McKelvey, alleges he is a citizen of the State of Illinois. *See* Complaint ¶ 2.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges in Paragraph 21 of the Complaint that the purported demotion included "at least $40,000 reduction in annual salary and at least $80,000 in reduced bonuses." Complaint ¶21. Plaintiff further claims that as a direct and proximate cause of Defendant's alleged conduct, he has also suffered "severe anxiety, stress, pain and suffering and emotional damages." *See* Complaint ¶¶26, 39, 49. Plaintiff further alleges and requests in his prayers for relief for each Count of his Complaint an award of (i) "back pay, and compensatory damages for his losses from the date of his wrongful demotion until the date of any judgment," (ii) "sufficient funds to compensate for his losses, pain and mental suffering," (iii) "compensatory and punitive damages

163303898.1

not otherwise specified herein," and (iv) "his attorneys fees." *See* Complaint ¶¶ 21, 26, 39, 49, and Plaintiff's "Wherefore" prayers for relief.

8. All process, pleadings, and orders received by Defendant in this action are attached hereto as required by 28 U.S.C. §1446(a). *See* **Exhibit A**.

9. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is being timely filed within thirty (30) days of Defendant's receipt of a copy of the Summons and Complaint served on October 26, 2020 setting forth the claim for relief upon which such action or proceeding is based.

10. After filing this Notice of Removal, Defendant will promptly serve written notice of removal upon Plaintiff and will file a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, State of Illinois, First Judicial District.

11. This Notice of Removal does not waive any defenses, affirmative defenses or objections Defendant may have to, *inter alia,* lack of jurisdiction, venue or any other defenses, any and all defenses and affirmative defenses being expressly preserved.

WHEREFORE, Defendant respectfully requests that the action now pending against it in the Circuit Court for the First Judicial District of the State of Illinois, Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated:  November 25, 2020

/s/ *[signature]*
John Galarnyk (#6191543)
Andrew J. Cunniff, (#6308820)
John A. Romanucci (#6333257)
**GALARNYK & ASSOCIATES LTD.**
55 W Monroe St. Suite. 3600
Chicago, IL 60603
Telephone: 312.441.5800
john@galarnykltd.com
andrew@galarnykltd.com
johnr@ galarnykltd.com

Tracey Holmes Donesky (#302727)
Nicole Faulkner (#0397456)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
tracey.donesky@stinson.com
*pro hac vice motions pending*

**ATTORNEYS FOR DEFENDANT**



\* 5 0 0 3 7 1 4 6 \*

FILED DATE: 10/14/2020 10:02 AM 2020L010890

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DONNIE MCKELVEY

(Name all parties)

v.

SOO LINE RAILROAD COMPANY

Case No. 2020L010890

Soo Line Railroad Company
c/o CT Corporation System
208 S. LaSalle, Suite 814
Chicago, IL 60604

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

**EXHIBIT A**

Summons - Alias Summons  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 62515

Atty Name: Ethan White/Emery Law, Ltd.

Atty. for: Plaintiff

Address: 2021 Midwest Road, Suite 200

City: Oak Brook

State: IL   Zip: 60523

Telephone: 630-984-0339

Primary Email: ewhite@emerylawltd.com

Witness: _____

10/14/2020 10:02 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person.)

FILED DATE: 10/14/2020 10:02 AM  2020L010890

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3



\* 5 0 0 3 7 1 4 6 \*

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 10/14/2020 10:02 AM 2020L010890

- ◉ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602
- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153
- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428
- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607
- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602
- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3



* 5 0 0 3 7 1 4 6 *

FILED DATE: 10/14/2020 10:02 AM 2020L010890

2120 - Served    2121 - Served
2220 - Not Served    2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication    2421 - Served By Publication
Summons - Alias Summons    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DONNIE MCKELVEY

(Name all parties)

v.

SOO LINE RAILROAD COMPANY

Case No. 2020L010890

Soo Line Railroad Company
c/o CT Corporation System
208 S. LaSalle, Suite 814
Chicago, IL 60604

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

| Summons - Alias Summons | (08/01/18) CCG 0001 B  |
|---|---|

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 62515
Atty Name: Ethan White/Emery Law, Ltd.
Atty. for: Plaintiff
Address: 2021 Midwest Road, Suite 200
City: Oak Brook
State: IL  Zip: 60523
Telephone: 630-984-0339
Primary Email: ewhite@emerylawltd.com

Witness: _____

10/14/2020 10:02 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)



*5 0 0 3 7 1 4 6 *

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 10/14/2020 10:02 AM 2020L010890

- ◉ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602
- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153
- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428
- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607
- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602
- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

12-Person Jury



* 5 0 0 3 7 1 4 6 *
FILED
10/13/2020 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L010890

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DONNIE MCKELVEY,

    Plaintiff,

v.

SOO LINE RAILROAD COMPANY, doing business as CANADIAN PACIFIC

    Defendant.

Case No. 2020L010890

## COMPLAINT

Plaintiff, Donnie McKelvey, by and through his undersigned counsel, states as follows as his Complaint against Defendant, Soo Line Railroad Company, doing business as, Canadian Pacific:

### NATURE OF ACTION

1. This is an action for damages caused by Defendant's unlawful termination of Plaintiff due to his disability, in violation of the Illinois Human Rights Act.

### PARTIES

2. Plaintiff, Donnie McKelvey, is an Illinois citizen, resident of this Kane County, and is currently employed by Defendant in Cook County.

3. Defendant, Soo Line Railroad Company, d/b/a Canadian Pacific, is a Minnesota corporation that, at all relevant times, was regularly and continuously doing business in Illinois and in Cook County.

### VENUE

4. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 (1) and (2).



* 5 0 0 3 7 1 4 6 *
FILED DATE: 10/13/2020 12:00 AM 2020L010890

## FACTUAL BACKGROUND

5. Plaintiff began working for Defendant in or about January 2017.

6. Plaintiff's most recent position with Defendant was as General Manager/Superintendent.

7. At all relevant times, Plaintiff met Defendant's legitimate performance expectations and has been rewarded for excellent performance, including with several promotions.

8. In or about July 2019, Plaintiff was diagnosed with a heart condition and was hospitalized twice because of atrial fibrillation.

9. At all relevant times, Defendant was aware of Plaintiff's heart condition due to Plaintiff informing Defendant of his hospitalizations and needing time away from work.

10. At all relevant times, Plaintiff has been a qualified individual with a disability as his heart condition is a determinable physical characteristic that substantially limits one or more of his major life activities (*e.g.* work), Plaintiff has a record of such an impairment, and/or Defendant regards Plaintiff as having such an impairment.

11. At all relevant times, Plaintiff could and can perform the essential functions of his position with or without reasonable accommodation.

12. In or about September 2019, Plaintiff began working under a different Assistant Vice-President (now Vice-President) as part of a lateral promotion with responsibilities for a much larger geographic region.

13. Almost immediately after he began working under that Assistant Vice-President, he began subjecting Plaintiff to a level of criticism that he did not direct at similarly situated, non-disabled employees.



\* 5 0 0 3 7 1 4 6 \*

14. The Assistant Vice-President's comments included asking Plaintiff whether the job was too much for him, a reference to Plaintiff's disability and its interaction with job stress.

15. In or about January 2020, Plaintiff's disability again caused an episode of heart arrhythmia, of which Defendant was aware.

16. At that time, and without any dialogue or request from Plaintiff, Defendant, through its Assistant Vice-President, unilaterally assigned Plaintiff to a non-safety, light-duty position.

17. Defendant did not assign other, non-disabled employees to non-safety, light duty positions despite those non-disabled employees having an episode of a potentially more dangerous physical impairment.

18. Further, Defendant, through its Assistant Vice-President, unilaterally required Plaintiff to participate in a fitness for duty evaluation and refused to engage in any kind of accommodation discussion.

19. Defendant did not require other, non-disabled employees to undergo a fitness for duty evaluation, despite those non-disabled employees having an episode of a potentially more dangerous physical impairment.

20. Shortly thereafter, Plaintiff had a phone call with one of Defendant's Executive Vice-President, who informed Plaintiff that he was being demoted and reassigned as a Superintendent of a much smaller region in Bensenville, Illinois, in Cook County.

21. That demotion also included at least a $40,000 reduction in annual salary and at least $80,000 in reduced bonuses.

3



\* 5 0 0 3 7 1 4 6 \*

22. The demotion also moved Plaintiff from a "non-safety" position to a "safety" position, which had the additional requirement that Plaintiff receive a medical clearance prior to returning to work.

23. At the time of the demotion, Defendant's Executive Vice-President expressly stated that the demotion was in place until Plaintiff got his disability "resolved" and implied that Plaintiff would not have been promoted had he known of his disability.

24. Defendant has not demoted other similarly situated, non-disabled employees under similar circumstances.

25. The real reason for Defendant treatment of Plaintiff, including assigning him to light duty, requiring a fitness for duty evaluation, and demotion, was discrimination on the basis of his disability and retaliation for his disability.

26. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered, and will continue to suffer, monetary losses, severe anxiety, stress, pain and suffering, and emotional damages.

27. Plaintiff timely filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") on or about August 19, 2020.

28. On or about September 30, 2020, pursuant to 775 ILCS 5/7A-102(C-1), the IDHR issued Plaintiff a "Notice of Opt Out of IDHR's Investigative and Administrative Process, Right to Commence An Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure."

29. Plaintiff has timely filed the present lawsuit and has satisfied all procedural prerequisites to bringing this action.

4



## LEGAL CLAIMS

### COUNT I
**(Discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*)**

30. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-29, above, as Paragraph 30 of Count I of his Complaint.

31. Plaintiff was a "person" within the meaning of Illinois' Human Rights Act (the "Act"). 775 ILCS 5/1-103(L).

32. At all relevant times, Plaintiff was an "employee" within the meaning of the Act. 775 ILCS 5/2-101(A).

33. At all relevant times, Plaintiff was a qualified person with a disability within the meaning of the Act. 775 ILCS 5/1-103(I).

34. Defendant was a "person" within the meaning of the Act, including Defendant's management employees who, at all relevant times, was acting within the scope of the express and/or implied authority of Defendant in dealing with Plaintiff. 775 ILCS 5/1-103(L).

35. At all relevant times, Defendant was an "employer" within the meaning of the Act. 775 ILCS 5/2-101(B).

36. At all relevant times, Defendant knew Plaintiff had a disability or, in the alternative, perceived Plaintiff to have a disability.

37. It is a civil rights violations under the Act for any employer, such as Defendant, "to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102.

38. Here, Defendant assigned Plaintiff to light duty, required a fitness for duty evaluation, and demoted him, on the basis of his disability.



39. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and will continue to suffer, monetary losses, severe anxiety, stress, pain and suffering, and emotional damages.

**WHEREFORE**, Plaintiff, Donnie McKelvey, respectfully asks that this Court enter judgment in his favor on Count I of his Complaint; award him back pay, and compensatory damages for his losses from the date of his wrongful demotion until the date of any judgment; award him sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award him compensatory and punitive damages not otherwise specified herein; award him attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award him such other and further relief as this Court deems just and proper.

## COUNT II
**(Retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*)**

40. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-29, above, as Paragraph 40 of Count II of his Complaint.

41. Plaintiff was a "person" within the meaning of Illinois' Human Rights Act (the "Act"). 775 ILCS 5/1-103(L).

42. At all relevant times, Plaintiff was an "employee" within the meaning of the Act. 775 ILCS 5/2-101(A).

43. At all relevant times, Plaintiff was a qualified person with a disability within the meaning of the Act. 775 ILCS 5/1-103(I).

44. Defendant was a "person" within the meaning of the Act, including Defendant's management employees who, at all relevant times, was acting within the scope of the express and/or implied authority of Defendant in dealing with Plaintiff. 775 ILCS 5/1-103(L).

6



FILED DATE: 10/13/2020 12:00 AM    2020L010890

45.     At all relevant times, Defendant was an "employer" within the meaning of the Act. 775 ILCS 5/2-101(B).

46.     At all relevant times, Defendant knew Plaintiff had a disability or, in the alternative, perceived Plaintiff to have a disability.

47.     The Act prohibits any person, such as Defendant, from "retaliat[ing] against a person ... because he or she requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act." 775 ILCS 5/6-101(A).

48.     Here, Defendant assigned Plaintiff to light duty, required a fitness for duty evaluation, and demoted him, on the basis of his disability and for attempting to engage in an accommodation discussion.

49.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered, and will continue to suffer, monetary losses, severe anxiety, stress, pain and suffering, and emotional damages.

**WHEREFORE**, Plaintiff, Donnie McKelvey, respectfully asks that this Court enter judgment in his favor on Count II of his Complaint; award him back pay, and compensatory damages for his losses from the date of his wrongful demotion until the date of any judgment; award him sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award him compensatory and punitive damages not otherwise specified herein; award him attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award him such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

FILED DATE: 10/13/2020 12:00 AM 2020L010890

\* 5 0 0 3 7 1 4 6 \*

Dated: October 12, 2020     **RESPECTFULLY SUBMITTED,**

By: /s/ Ethan E. White

**EMERY LAW, LTD.**
Ethan E. White
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
(630) 984-0339 (direct)
ewhite@emerylawltd.com
Law Firm I.D. No. 62515